## MEMORANDUM DECISION ON REHEARING

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 28 2018, 10:44 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Nathan D. Hoggatt
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE

Dawn M. Boyd
Law Office of Dawn M. Boyd
Columbia City, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Susan Tennant,

*Appellant-Defendant/Counter-Plaintiff,*

v.

Peaks & Valleys, Inc., and
Toni Staples,

*Appellees-Plaintiffs/Counter-Defendants*

August 28, 2018

Court of Appeals Case No.
92A04-1710-CC-2474

Appeal from the Whitley Circuit Court

The Honorable Matthew J. Rentschler, Judge

Trial Court Cause No.
92C01-1505-CC-201

**Baker, Judge.**

We grant Tennant's petition for rehearing for the limited purpose of addressing her argument that we erred by finding that the trial court's order did not refer to modifications to the Project. We found that "as the trial court did not make any findings of fact or conclusions of law related to modifications under HICA, it appears that Tennant is raising this issue for the first time on appeal." *Tennant v. Peaks & Valleys, Inc.*, No. 92A04-1710-CC-2474, slip op. at 8 n.9 (Ind. Ct. App. July 6, 2018).

Tennant points out that the trial court did make findings of fact and conclusions of law about the modifications. It is true that the trial court mentioned modifications in its order—but the trial court did not make findings of fact or conclusions of law about the modifications *under HICA*. Rather, its conclusions of law about modifications to the Project clearly fall under its discussion of P&V's breach of contract claim. Appealed Order p. 8.

Our original decision stands.

Vaidik, C.J., and Barnes, S.J., concur.